IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01495-MSK-CBS

UNITED STATES OF AMERICA,
    Plaintiff,
v.

2006 FORD F-150, VIN 1FTPX12V26KD31801, and
$2,600.00 IN UNITED STATES CURRENCY,
    Defendants.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff's Motion for Default and Final Order of Forfeiture.  Pursuant to the Order of Reference dated May 30, 2014 (Doc. # 6) and the memorandum dated October 30, 2014 (Doc. # 20), this matter was referred to the Magistrate Judge.  The court has reviewed the Motion, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

    The United States of America ("USA") filed its "Verified Complaint for Forfeiture *In Rem*" ("Complaint") pursuant to Title 18 U.S.C. § 881, *et seq.* on May 28, 2014.  In December 2013, Justin Hall was charged in Mesa County, Colorado with, *inter alia*, distribution of methamphetamine.  Immediately after Justin Hall sold methamphetamine to a confidential informant and upon his arrest, the currency was found in a hotel room registered to him and on his person.  (*See* Doc. # 1 at ¶¶ 15-16). The Complaint alleges that the defendant currency was "furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of controlled substances, and money used or intended to be sued to

facilitate a violation" of Title 21 U.S.C. § 801, *et seq.*  (*See* Doc. # 1 at ¶ 23).   The Complaint also alleges that the defendant vehicle was "used, and intended to be sued, to transport, and in any manner to facilitate the transportation, sale, possession, or concealment, of controlled substances.  (*See id.* at ¶ 25).   The vehicle is registered in the name of Justin Hall and was driven by him and a co-defendant en route to drug transactions.  (*See* Doc. # 1 at ¶ 3.a.).

The USA seized the property based on the Order for Warrant issued by the court on June 9, 2014.  (*See* Docs. # 8, # 9).   On May 29, 2014, the USA served all known interested parties with notice of this action via first class U.S. Mail, Certified Mail Return Receipt Requested.  (*See* Doc. # 5).   The USA also posted notice on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on May 30, 2014, as required by Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C). (*See* Doc. # 14).   On June 24, 2014, Justin Hall, through counsel Daniel Shaffer, filed his Motion to Withdraw Claim opposing forfeiture.  (*See* Doc. # 11).   The court granted the motion on June 25, 2014.  (*See* Doc. # 13).   Anyone who wishes to contest forfeiture of the defendant assets was required to file a claim no later than July 29, 2014.  *See* Fed. R. Civ. P. Supp. R. G(5).   As of this date, no claim, answer, or other responsive pleading has been filed as to defendant assets.   The Clerk of the Court entered default on August 19, 2014.  (See Doc. # 16).

The USA seeks the entry of default judgment against the defendant vehicle and currency.   It also requests a Final Order of Forfeiture and entry of a Certificate of Reasonable Cause pursuant to Title 28 U.S.C. § 2465.   In order to support entry of a default judgment, a civil forfeiture complaint "must state sufficiently detailed facts to

support a reasonable belief that the government will be able to meet its burden of proof at trial." *United States v. $85,000.00 in United States Currency,* No. WDQ-10-0371, 2011 WL 1063295, at * 2 (D. Md. Mar. 21, 2011) (quoting Fed. R. Civ. P. Supp. R. G(2)(f)).  *See also United States v. $149,442.43 in United States Currency*, 965 F.2d 868, 876 (10th Cir. 1992) (holding that absent a defense, "a showing of probable cause alone will support a judgment of forfeiture").  "The burden of proof at trial is a preponderance of the evidence."  *United States v. One 2003 Mercedes Benz CL500,* No. PWG-11-3571, 2013 WL 5530325, at * 2 (D. Md. Oct. 3, 2013).  "[T]he pivotal facts are those that establish a nexus between the property and drug activity."  *Id.* (internal quotation marks and citation omitted).   Here, the facts set forth in the Verified Complaint are sufficient to support a reasonable belief that the Government would be able to prove by a preponderance of the evidence at trial that there was a substantial connection between the defendant property and criminal activity.

Accordingly, IT IS RECOMMENDED that

1. Plaintiff's Motion for Default and Final Order of Forfeiture (filed October 2, 20140 (Doc. # 19) be GRANTED.

2. The proposed Default Judgment (Doc. # 19-2) be entered.

3. The proposed Default and Final Order of Forfeiture (Doc. # 19-1) be entered and serve as a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 24th day of April, 2015.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge